IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEANNE M WEIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CV-663-SMY-DGW |
| | ) |
| MEDICAL DATA SYSTEMS, INC. | ) |
| d/b/a MEDICAL REVENUE SERVICE, | ) |
| | ) |
| Defendant. | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jeanne M. Weir brings this action, alleging that Defendant, Medical Data Systems, Inc.'s ("MDS"), a debt collector, engaged in improper, deceptive, and confusing debt collection practices in violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Count I) and the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 ILCS 505/1(f) (Count II) (Doc. 1). Pending before the Court is MDS' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) (Doc. 11). Plaintiff filed a Response (Doc. 13). For the following reasons, Defendant's motion is **GRANTED** in part and **DENIED** in part.

## The Complaint

Weir makes the following allegations in her Complaint (Doc. 1). On April 24, 2017, MDS sent Weir a collections letter informing her that it was collecting on a debt she allegedly owed to Barnes-Jewish West County Hospital in the amount of $1,280.38. The letter informed Weir that she had 30 days within which to dispute the debt.

After receiving the letter, Weir called MDS. During that call, an agent representing MDS began asking probing questions regarding Weir's marital, employment, and living status. The

agent told Weir that the questions were necessary if she wanted a payment plan. Weir refused to answer the agent's questions. The agent then informed Weir that without a payment plan, the full balance was due before May 24, 2017.

Weir alleges the agent falsely represented that MDS only had to give her 30 days from the date MDS' letter (April 24, 2017) to avail herself of her right to dispute the alleged debt, or request validation, when in fact she had 30 days from the date that she actually received the letter. She also alleges that the agent's statements constitute deceptive tactics and material misstatements for purposes other than setting up a potential payment plan. She seeks damages for loss of time incurred responding to the letter, phone minutes purchased to respond to the April 24, 2017 letter, and mileage going to and from her attorney's office.

## Discussion

Defendant moves to dismiss the Complaint on the following grounds: (1) the agent's alleged request for financial information, as a prerequisite to offering Weir a payment plan, does not amount to a violation of the FDCPA; (2) the alleged statements of the agent do not support Weir claims; (3) Weir fails to allege any factual basis to indicate how a unsophisticated consumer would be confused about her ability to dispute the debt within the statutory period; and (4) Weir fails to allege any actual damages recoverable under the ICFA.

When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept all allegations of the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). This requirement is satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair

notice of what the claim is and the grounds upon which it rests, and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

When §§ 1692e and 1692f are the subject of a Rule 12(b)(6) motion to dismiss, the Court's inquiry is necessarily fact-bound. *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 760 (7th Cir. 2006). The Seventh Circuit instructs that, "[w]hether characterized as issues of fact or issues of mixed fact and law, district courts must act with great restraint when asked to rule in this context on a motion to dismiss under [FRCP] 12(b)(6)." *Id.* at 760. The "[p]roper application of the rule requires that the plaintiff be given an opportunity to demonstrate that his allegations are supported by a factual basis responsive to the statutory standard." *Id.* at 760.

### Count I – FDCPA Claim

Under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id*. at 683. When "[i]nformation [is properly] included in a communication from a debt collector to a debtor, the debt collector may not overshadow or contradict that information with other messages sent with the validation or within the validation period." *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518 (7th Cir. 1997).

To state a claim under § 1692e, "[a plaintiff] must plausibly allege that [a communication from a debt collector] would materially mislead or confuse an unsophisticated consumer. Because this inquiry involves a 'fact-bound determination of how an unsophisticated consumer would perceive the statement,' dismissal is only appropriate in

'cases involving statements that plainly, on their face, are not misleading or deceptive.' *Boucher v. Fin. System of Green Bay, Inc.*, 880 F.3d 362, 366–67 (7th Cir. 2018), *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812, 814–15 (7th Cir. 2016) (quoting *Ruth v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009)).

Here, Weir alleges that during the call, MDS falsely represented that payment of the alleged debt was due in full before May 24, 2017. Combined with the other allegations, As such, Weir's Complaint provides a short and plain statement showing factual violations of the FDCPA, gives fair notice of what the claim is, the grounds on which it rests, and allows a reasonable inference that MDS is liable for the misconduct alleged. At this juncture, Weir need not show how an unsophisticated consumer could be confused about her ability to dispute the debt within the validation period with extrinsic evidence or explanations. Accordingly, Defendant's motion is DENIED as to Count I.

### Count II – ICFA Claim

Defendant argues that Weir's ICFA claim fails because the Complaint does not allege facts showing any actual pecuniary loss. In order to state a claim for violation of the ICFA, a plaintiff must allege several elements, including actual damages. *See De Bouse v. Bayer*, 922 N.E.2d 309, 313 (Ill. 2009); *Rickher v. Home Depot Inc.*, 535 F.3d 661, 665 (7th Cir. 2008). "The failure to allege specific, actual damages precludes a claim brought under the [ICFA]." *Morris v. v. Harvey Cycle & Camper, Inc.*, 392 Ill.App.3d 399, 402, 331 Ill.Dec. 819, 911 N.E.2d 1049 (2009). Moreover, damages must be pled with particularity. *Avery v. State Farm Mut. Auto Ins. Co.*, 216 Ill.2d 100, 180, 296 Ill.Dec. 448, 835 N.E.2d 801 (2005); *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014).

MDS is correct that Weir's requested damages are not recoverable under the ICFA. Specifically, costs for gas to and from her attorney's office; the loss of work time meeting with

her attorney; phone minutes purchased in order to reply to Defendant's letter and to discuss the case with her attorney, are not actual pecuniary damages for purposes of the ICFA. Accordingly, Defendant's motion to dismiss is GRANTED as to Count II.

**IT IS SO ORDERED.**

**DATED: March 29, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**